IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

UNITED STATES OF AMERICA and )
COMMONWEALTH OF VIRGINIA, )
ex rel. NATHAN DAVIDHEISER, )
                            )
     Plaintiff, )
                            )
v. )          Civil Action No. 1:19-cv-593
                            )
CAPITAL RAIL CONSTRUCTORS, )
                            )
     Defendant. )

**ORDER**

THIS MATTER comes before the Court on a Motion to Dismiss by the United States and the Commonwealth of Virginia (collectively "the Government"), pursuant to § 3730(c)(2)(A) of the False Claims Act ("FCA") and the Virginia Fraud Against Taxpayers Act ("VFATA"), Va. Code Ann. § 8.01—216.6(B), respectively.

This case involves the same parties, facts, and allegations as a previously filed qui tam action. In 2016, Nathan Davidheiser filed a qui tam complaint against Capital Rail Constructors ("CRC"), its subcontractor, Universal Concrete Products Corporation ("UCPC"), and other defendants. See United States ex rel. Davidheiser v. Universal Concrete Products Corp. et al., 1:16-cv-316 (E.D. Va.). On May 16, 2019, Relator

Davidheiser initiated the present case, renaming the same defendant, CRC.

Both qui tam complaints alleged violations of the FCA, 31 U.S.C. § 3729-33733, and the VFATA, Va. Code Ann. § 8.01–216.6(B). These allegations were based on the falsification of quality control records for concrete sold to Defendant CRC. After the first case filing, in early 2018, the Government notified Relator that it intended to intervene in the claims against all named co-defendants except CRC. Two years investigation produced no evidence that Defendant CRC had been complicit in a fraudulent scheme, and so the Government suggested this Defendant be dismissed. Relator voluntarily dismissed CRC without prejudice, and the case proceeded against the remaining defendants.

The remaining parties reached a settlement in January, 2019. Pursuant to the terms of the agreement, Relator and the Government filed a joint notice of voluntary dismissal with prejudice of the substantive FCA and VFATA claims. One year later, Relator filed this action based on the same allegations as the previous qui tam and renaming Defendant CRC.

The crux of Relator's argument is that, after Defendant CRC was dismissed from the first suit, the Government negotiated a side settlement with this Defendant. On July 22, 2019, the Government filed its motion to dismiss.

2

Section 3730(c)(2)(A) of the False Claims Act provides that "[t]he Government may dismiss the action notwithstanding the objections of the person initiating the action if the person has been notified by the Government of the filing of the motion and the court has provided the person with an opportunity for a hearing on the motion." The Government contends that the Court has little, if any, discretion to deny the Government's request to dismiss an FCA and VFATA case filed by a relator. Relator Davidheiser asserts that the Court retains discretion to award Relator his portion of the "alternate remedy" settlement, pursuant to 31 U.S.C. § 3730(c)(5).

Two different standards have been applied to motions to dismiss in qui tam cases, both highly deferential to the Government's right to dismiss. The D.C. Circuit has held that the statutory language confers an "unfettered right" on the Government to dismiss a qui tam action. Swift v. United States, 318 F.3d 250, 252-53 (D.C. Cir. 2003); see United States ex rel. Henneberger v. Ticom Geomatics, Inc., 1:17-cv-670 (E.D. Va.), Dkt. No. 58. In contrast, the Ninth Circuit has held that the Government must identify a "valid government purpose" and "a rational relation between dismissal and accomplishment of the purpose." U.S. ex rel. Sequoia Orange Co. v. Baird-Neece Packing Corp., 151 F.3d 1139, 1145 (9th Cir. 1998); see Ridenour v.

3

Kaiser-Hill Co., 397 F.3d 925, 932-33 (10th Cir. 2005). The Fourth Circuit and Supreme Court have not ruled on the issue.

Considering the language of the statutes, and the nature of qui tam actions, this Court finds the D.C. Circuit's standard proper. The Government has broad authority to dismiss qui tam actions pursuant to the express provisions of the federal FCA and the VFATA. 31 U.S.C. § 3730(c)(2)(A); Va. Code Ann. § 8.01—216.6(B). The language of the VFATA parallels the FCA, indicating it was drafted to share the same interpretation as the federal statute. See United States v. Universal Health Servs., 889 F.Supp. 2d 791, 793 (W.D. Va. 2012).

Under both statutes, the relator seeks to vindicate injury not to himself, but to the Government. See United States ex rel. May v. Purdue Pharma L.P., 737 F.3d 908, 912 (4th Cir. 2013). As the true party in interest, the Government retains ultimate control over the action. See American Civil Liberties Union v. Holder, 673 F.3d 245, 250-51 (4th Cir. 2011). After the complaint is filed, the Government may investigate and choose to intervene or may decline intervention. 31 U.S.C. § 3730(c)(2)(A); Va. Code Ann. § 8.01—216.6(B). The Government also may choose to intervene at a later date. 31 U.S.C. § 3730(c)(3); Va. Code Ann. § 8.01-216.6(F). Although a relator may continue an action following Government's declination, the right is considered merely an assignment of the Government's FCA damages claim. 31

4

U.S.C. § 3730(c); Va. Code Ann. §§ 8.01-216.5 and 8.01-216.6;

see Vermont Agency of Natural Resources v. United States ex rel.

Stevens, 529 U.S. 765, 773 (2000).

Further exhibiting its control over qui tam actions, the
Government may seek a stay or dismissal over the relator's
objection. 31 U.S.C. § 3730(c)(4), (c)(2)(A); Va. Code Ann. §
8.01-216.6(F), (B). The Government's authority to dismiss stands
in contrast to its settlement power. While the former is
unfettered by the statutory text, the latter is permitted "if
the court determines, after a hearing, that the proposed
settlement is fair, adequate, and reasonable, under all the
circumstances." Compare 31 U.S.C. § 3730(c)(2)(A) and (c)(2)(B);
compare also Va. Code Ann. § 8.01-216.6(B) and (C). Likewise
noteworthy, and consistent with the broad authority of the
Government established in other instances, the relator is
limited in his ability to dismiss the qui tam action. He may not
dismiss the case without written consent from the court and the
Attorney General. Compare 31 U.S.C. § 3730(c)(2)(A) and (b)(1);
see also Va. Code Ann. § 8.01-216.6(B).

It follows, then, that the Government has "an unfettered
right to dismiss a qui tam" action. See United States ex rel.
Henneberger v. Ticom Geomatics, Inc., 1:17-cv-670 (E.D. Va.),
Dkt. No. 58 (citing Swift v. United States, 318 F.3d 250, 252
(D.C. Cir. 2003)); see also Ridenour v. Kaiser-Hill Co., 397

5

F.3d 925, 932-33 (10th Cir. 2005). Granting the Government
dismissal in this case, therefore, is appropriate.

The "rational relation" standard applied by the Ninth and
Tenth Circuit "is not inconsistent with this construction since
a court would always have the authority to prevent perversions
of the law through fraudulent, corrupt, or improper purpose."
United States ex rel. Henneberger v. Ticom Geomatics, Inc.,
1:17-cv-670 (E.D. Va.), Dk. No. 58, Order at 4. Granting
Defendants' Motion to Dismiss under the established standard
does not directly conflict with the Ninth Circuit's standard.

And even applying the somewhat higher test, dismissal is
appropriate because it is rationally related to a legitimate
government interest. See United States ex rel. Sequoia Orange
Co. v. Baird-Neece Packing Corp., 151 F.3d 1139,1145 (9th Cir.
1998). The Ninth Circuit noted that the imposed standard did not
require the Government to show the relator's allegations to be
meritless in order to justify dismissal. See Sequoia Orange, 151
F.3d 1139, 1147. Potentially meritorious cases may be dismissed
in light of the potential cost to the Government in monitoring
and responding to discovery requests. Id. at 1146. Yet, it is
always within the Government's discretion to dismiss a claim
that is unsupported by the evidence. Id. at 1147. Here, the
Government's investigation of Defendant CRC's involvement in the
alleged fraudulent activity revealed no evidence supporting

culpability. Permitting the qui tam action to proceed clearly would place a significant and unnecessary burden on the Government through discovery. For these reasons, it is hereby

ORDERED that the United States and the Commonwealth of Virginia's Motion to Dismiss is GRANTED, and this case is DISMISSED.

CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
October 22, 2019